Doerfer, J.
The plaintiff, Josephine Morris (Morris), brings this action pursuant to G.L.c. 30A, §14, against defendants Registrar of Motor Vehicles (RMV) and the Board of Appeal on Motor Vehicle Liability Policies and Bonds (the Board), claiming that the decision of the Board to affirm the order of the RMV revoking Morris’s license for 10 years pursuant to G.L.c. 90, §24G(c) was erroneous, because the evidence shows that Morris’s operation of her motor vehicle was not impaired by any alcohol consumption and furthermore Morris relied on misrepresentations when she pleaded guilty to the charge of motor vehicle homicide while under the influence of alcohol. The defendants move for judgment on the pleadings pursuant to Mass.R.Civ.P. 12(c) on the grounds that the Board’s decision is supported by substantial evidence and is in accordance with the law.
BACKGROUND
Morris was involved in a motor vehicle accident on February 7, 1989 while driving her automobile in Somerville, Massachusetts. Edward Zanor (Zanor), the operator of the other automobile involved, died as a result of injuries sustained in the accident. At the time of the accident, Morris had a blood alcohol concentration of .16%. An investigation conducted by the Metropolitan Police Traffic Services Unit concluded that the cause of the accident was the result of operational negligence on the part of Morris. The investigation also stated that Morris’s intoxicated state affected her ability to operate her motor vehicle safely.
Morris was arrested and charged with operating under the influence of alcohol. On November 7, 1989, Morris entered a plea of guilty to the charge of motor vehicle homicide while under the influence of alcohol. The Somerville District Court sentenced Morris to three years probation with a two-year suspended sentence. Morris’s probation ended on November 10, 1992. The RMV revoked Morris’s license for the statutorily mandated period of ten years pursuant to G.L.c. 90, §24G(c).
On July 27, 1993, Morris appealed the action of the RMV for the return of her driver’s license. On August 16, 1993, Morris submitted additional forms to the Board, namely, the “Supplemental Information Fatal Accident License Revocation” form and “Special Conditions of Probation” form. At a hearing on December 15, 1993, Morris’s attorney was given permission to copy and file certain additional documents referred to during the hearing. On February 9, 1994 a hearing on Morris’s appeal was held before the Board. The Board issued its Finding and Order affirming the decision of the RMV on February 10 and issued its Statement of Reasons on April 22, 1994.
In its Statement of Reasons, the Board made findings of fact and considered conflicting evidence regarding Morris’s understanding of the length of time she would be prohibited from driving. The Board stated that although Morris “maintained that she had no idea of a ten-year license loss at the time of the plea, the Board finds it somewhat incredible that an individual entering a plea to a serious crime, on advice of counsel and subject to a court’s colloquy, would be unaware of the statutory license loss.” The Board determined that it could not ignore the statutory revocation imposed by G.L.c. 90, §24G and assumed that the Som-erville District Court Judge was also aware of the statutory revocation when entering a finding of guilty on the charge of motor vehicle homicide. The Board did find that Morris’s total license revocation had been unfairly extended by three years and stated that it would entertain a new appeal of Morris’s license revocation on or after November 7, 1999.[1]
The Board reviewed the RMV file, including the 20-page Fatal Motor Vehicle Accident Reconstruction Report (the Reconstruction Report) prepared by the Metropolitan Police Traffic Services Unit. The Board heard testimony and other evidence presented by Morris and considered the law applicable to the particular circumstances of the appeal, G.L.c. 90, §24G. The Board then ordered that the decision of the RMV to revoke Morris’s right to operate a motor vehicle for ten years be affirmed.
On March 8, 1994, Morris appealed the decision of the Board alleging that misrepresentations regarding the length of her license revocation were made to her during plea bargaining and that, notwithstanding the *635 . 16 blood/alcohol reading, her operation of her motor vehicle on February 7, 1989 was not impaired in any way, shape, or manner.
DISCUSSION
Any person aggrieved by a final decision of any agency in an adjudicatory proceeding shall be entitled to a judicial review of the record. G.L.c. 30A, §14. The court may set aside or modify the agency decision if it determines that the substantial rights of any parly may have been prejudiced because the agency decision is: (a) in violation of constitutional provisions: or (b) in excess of the statutory authority or jurisdiction of the agency: or (c) based upon an error of law; or (d) made upon unlawful procedure; or (e) unsupported by substantial evidence; or (f) unwarranted by facts found by the court on the record as submitted . . . ; or (g) arbitrary or capricious, an abuse of discretion, or otherwise not in accordance with law. G.L.c. 30A, §14(7). The Court shall give due weight to the experience, technical competence, and specialized knowledge of the agency, as well as to the discretionary authority conferred upon it. Id.
The Board determined that G.L.c. 90, §24G(c) allowed the RMV to revoke Morris’s license for ten years. The statute provides:
The registrar shall revoke the license... of a person convicted of a violation of subsection (a) or (b)[2] for a period of ten years after the date of conviction for a first offense . . . provided, however, such license shall be restored or such right to operate shall be reinstated if the prosecution of such person ultimately terminates in favor of the defendant.
G.L.c. 90, §24G(c).
The prosecution of Morris resulted in a guilty plea to the charge of motor vehicle homicide while under the influence of alcohol. The Board found it “somewhat incredible that an individual entering a plea to a serious crime, on advice of counsel and subject to a court’s colloquy would be unaware of the statutory license loss” and further stated that it “could not ignore the statutory revocation imposed by G.L.c. 90, §24G.”
An interpretation of a statute made by the administrative agency charged with administering the statute is one to which the Court accords weight. Somerset Importers. Ltd. v. Alcoholic Beverages Control Commission, 28 Mass.App.Ct. 381, 385 (1990). The Board alone determines the credibility of the witnesses and the reviewing court may not substitute its judgment for that of the agency. See Southern Worcester County Regional Vocational School Dist. v. Labor Relations Commission, 386 Mass. 414, 420-21 (1982). The evidence before the Board was sufficient to persuade a reasonable mind to conclude that Morris violated G.L.c. 90, §24G and thus the RMV was correct in revoking her license for a ten-year period. See G.L.c. 30A, §1(6). The Court may “not make a de novo determination of the facts or draw different inferences from the facts found by the agency.” Vaspourakan, Ltd. v. Alcoholic Beverages Control Comm’n., 401 Mass. 347, 351 (1987).
Morris argues that the evidence shows that she was not at fault in the February 7, 1989 accident. The Board reviewed all the evidence, including the witness statements favorable to Morris’s position, and determined that the RMV was correct in revoking Morris’s license pursuant to G.L.c. 90, §24G. The Reconstruction Report involved an extremely detailed investigation and concluded that the accident resulted from the operational negligence of Morris, with her intoxicated state and excessive speed as contributing factors. Furthermore, Morris pleaded guilty to motor vehicle homicide while under the influence of alcohol and regardless of alleged misrepresentations made at Somerville District Court, that conviction stands. Accordingly, the RMV was required by statute to revoke Morris’s license for ten years. Neither the RMV nor the Board has the power to overturn Morris’s conviction or change the result of her plea because of alleged misrepresentations made at the District Court proceedings. It was incumbent upon Morris’s attorney to inform her of the statutorily mandated ten-year suspension before allowing her to plead guilty. See In the Matter of Anderson, 416 Mass. 521, 525 (1993). Furthermore, Morris has failed to present evidence of these alleged misrepresentations.
This Court reviews the decision of the Board pursuant to G.L.c. 30A, §14 and is limited to a review of the record in order to determine if the Board’s decision should be affirmed or remanded. In this judicial review of an agency decision, the Court will not consider whether certain misrepresentations were made to Morris during plea negotiations at Somerville District Court. Neither the RMV nor the Board were involved in such negotiations and once Morris was convicted of motor vehicle homicide while under the influence of alcohol, the RMV was required by law to revoke her license. The Board’s decision was supported by substantial evidence pursuant to G.L.c. 30A, §14 and is affirmed.
ORDER
Based on the foregoing, it is ORDERED that the February 10, 1994 decision of the Board of Appeal on Motor Vehicles Liability Policies and Bonds is AFFIRMED and judgment on the pleadings shall enter for the defendants.

 Accordingly, the 10-year revocation commenced on November 7, 1989. The Board stated that because it was unable to predict Morris’s future behavior, it specifically chose not to issue an order returning her license on a specific date in the future.

 Subsection (a) refers to homicide by a motor vehicle while under the influence of an intoxicating substance and subsection (b) refers to homicide by a motor vehicle.